David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendant*
*Vigilant Insurance Company*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEP GROUP HOLDINGS, INC.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**VIGILANT INSURANCE COMPANY,**<br><br>    Defendant. | Civil Action No. 2:21-cv-589<br><br>**NOTICE OF REMOVAL** |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA:**

**PLEASE TAKE NOTICE** that Defendant Vigilant Insurance Company ("Vigilant"), by its attorneys, hereby removes this action from the Pennsylvania Court of Common Pleas, Allegheny County, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## State Court Action

1. On or about April 8, 2021, Plaintiff NEP Group Holdings, Inc. ("NEP") commenced this action by filing a Complaint in the Pennsylvania Court of Common Pleas, County of Allegheny, Case ID No. GD-21-003685 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint along with the three supporting documents filed in the State Court Action is attached hereto as Exhibit 1.

3. The Complaint in this matter alleges a breach of contract claim against Vigilant for its denial of coverage under Customarq Policy Number 3584-70-15 BAL (the "Policy"), which was issued to Plaintiff by Vigilant. *See* Ex. 1 ¶ 1.

4. Vigilant was served with a copy of the Complaint on April 26, 2021.

5. According to the docket report from the Pennsylvania Court of Common Pleas, Allegheny County, a copy of which is attached hereto and incorporated herein as Exhibit 2, no pleadings, process, or orders other than the Complaint have been filed with the court or served upon Vigilant in the State Court Action.

## Procedural Requirements for Removal

6. Removal of the State Court Action to this Court satisfies the procedural requirements of 28 U.S.C. § 1446.  This Court is the "district court of the United

States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a).

7.  Removal of the State Court Action is proper under 28 U.S.C. § 1441(a) because Allegheny County, where the State Court Action was filed, is within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

8.  Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days after the receipt by Vigilant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9.  Pursuant to 28 U.S.C. § 1446(d), Vigilant will serve this Notice of Removal on counsel of record for NEP, Douglas J. Simmons, K&L Gates LLP, 210 Sixth Avenue, Pittsburgh, PA 15222.

10. Pursuant to 28 U.S.C. § 1446(d), Vigilant will also file a Notice of Filing of Removal with the Clerk of the Pennsylvania Court of Common Pleas, Allegheny County, with a copy to NEP's counsel.

## Diversity Jurisdiction

11. The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

12. For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13. Vigilant is incorporated in the State of New York and has its principal place of business in the State of New Jersey.

14. NEP is a Delaware corporation with its principal place of business in Pennsylvania. *See* Ex. 1 ¶ 6. According to the Complaint, NEP is "a privately-owned corporation organized under the laws of Delaware and with its principal place of business and corporate headquarters in Pittsburgh, Pennsylvania." *Id.*

15. Because NEP is a citizen of the State of Delaware and the Commonwealth of Pennsylvania and Vigilant is a citizen of the State of New York and the State of New Jersey, there is complete diversity jurisdiction in the State Court Action.

16. The Complaint asserts a cause of action for breach of contract arising from NEP's claim for coverage under the Policy issued by Vigilant. *See* Ex. 1 ¶ 1. The Complaint alleges that NEP is entitled to coverage for "property and 'Business Income' losses" it incurred "at over 100 NEP premises in the United States and across the globe" due to SARS-CoV-2 and COVID-19. *Id.* ¶¶ 2-5.

17. The Complaint does not specify the amount of NEP's alleged damages. Rather, NEP argues that "Vigilant was required to pay on NEP's claim *subject to the*

*Policy's limit of insurance*" under the terms of the Policy. *Id.* ¶ 91 (emphasis added). NEP acknowledges, however, that "the Policy provides up to $75 million in coverage for property and 'Business Income' losses." *Id.* ¶ 2. That amount satisfies the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a) by a substantial amount, exclusive of interest and costs.

18. For all of the foregoing reasons, removal is proper under 28 U.S.C. § 1441(a) and 1332(a)(1).

19. Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Vigilant.

**WHEREFORE**, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Vigilant hereby removes the State Court Action to the United States District Court for the Western District of Pennsylvania.

Dated: May 5, 2021	HOGAN LOVELLS US LLP

    *s/ David Newmann*
David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600

*Attorneys for Defendant Vigilant Insurance Company*

## CERTIFICATE OF SERVICE

I, David Newmann, hereby certify that, on May 5, 2021, I served via overnight and electronic mail a true and correct copy of the foregoing Notice of Removal, and all documents filed therewith, on Plaintiff's counsel.

Douglas J. Simmons
Carolyn M. Branthoover
Elizabeth A. Hoadley
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613

doug.simmons@klgates.com
carolyn.branthoover@klgates.com
elizabeth.hoadley@klgates.com

  *s/ David Newmann*
David Newmann